UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**CHRIS KNIFFIN, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED;**

  *Plaintiff*,

v.                                              Case No. SA-22-CV-01073-JKP

**KENDALL COUNTY, TEXAS,**

  *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Kendall County, Texas's ("Kendall County") Motion to Dismiss for Lack of Subject Matter Jurisdiction filed pursuant to Federal Rule of Civil Procedure 12(b)(1). *ECF Nos. 8,11*. Upon consideration of the Motion and responsive filings, the Court concludes the Motion shall be DENIED.

**Factual Background**

Plaintiff Chris Kniffin brings this action asserting Kendall County violated Section 7 of the Fair Labor Standards Act § 207, 29 U.S.C. § 207 and 215(a)(2), by failing to properly calculate overtime pay due to him. *ECF No. 4*. Kniffin alleges he was a paramedic paid on an hourly basis. *Id. at p. 2*. As a non-exempt employee under the FLSA, Kniffin alleges he should have been paid time and one half of his regular hourly rate for overtime hours worked. Instead, Kendall County paid Kniffin using a "fluctuating work week method of calculating overtime," as if he were a salaried employee. *Id*. Kniffin alleges, "by using the fluctuating work week method of

calculating overtime compensation, Kendall County shorted its paramedics thousands of dollars in overtime compensation per year." *Id*.

Kendall County filed this Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Federal Rule 12(b)(1). In this Motion, Kendall County contends Kniffin falls within an exception of the FLSA under Section 207(k), which exempts from the FLSA public employees engaged in fire protection activities or law enforcement activities. Because an exception to the FLSA applies to Kniffin, and he asserts no other cause of action or basis for federal jurisdiction, Kendall County alleges this Court lacks subject matter jurisdiction to adjudicate this matter.

## Legal Standard

A federal court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331. This federal-question jurisdiction is properly invoked by pleading a cause of action that arises under the laws of the United States. *See Bell v. Hood,* 327 U.S. 678, 681–685 (1946). A claim "arises under" the laws of the United States when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 27–28 (1983). A court must dismiss a cause for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *See Home Builders Assn. of Mississippi, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). The plaintiff, as the party asserting jurisdiction, bears the burden of proving subject matter jurisdiction exists. *Choice Inc. of Tex. v. Greenstein,* 691 F.3d 710, 714 (5th Cir. 2012).

The parties do not dispute that Kniffin's cause of action arises under the laws of the United States, as it is brought pursuant to the private right of action in the FLSA. *See* 29 U.S.C. §§ 207, 215(a)(2). The parties' dispute arises in whether an exception to the FLSA applies to Kniffin, and if so, whether this exception destroys this Court's federal-question subject matter jurisdiction.

## Discussion

The issues central to the parties' substantive dispute are not material to this Court's determination of its federal question jurisdiction. In its Motion to Dismiss, Kendall County conflates coverage under the FLSA with subject matter jurisdiction.

The FLSA is a federal statute providing a federal cause of action. Consequently, Kniffin's assertion of this FLSA cause of action arises under the laws of the United States, and the Court has subject matter jurisdiction under 28 U.S.C. § 1331 unless a specific statutory limitation on jurisdiction applies. "When Congress does not rank a statutory limitation on coverage [under the FLSA] as jurisdictional, courts should treat the restriction [exemption] as non-jurisdictional in character." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 516 (2006). Nothing in the FLSA, specifically §§ 207 and 215(a)(2), suggests district courts are deprived of subject matter jurisdiction to adjudicate cases which implicate an exemption, or exception, to its coverage. Whether a plaintiff is subject to an FLSA exemption is, therefore, not a jurisdictional question, but rather one that goes to the substantive merits of the case. *McLeland v. 1845 Oil Field Servs.,* 97 F. Supp. 3d 855, 859-60 (W.D.Tex. 2015); *Morgan v. Rig Power, Inc.*, No. 7:15-CV-73, 2015 WL 6506953, at *3 (W.D. Tex. Oct. 27, 2015).

Therefore, the Court **DENIES** Kendall County's Federal Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction.

It is so ORDERED.
SIGNED this 5th day of December, 2022.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE